**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ANGEL AYALA OTERO,

    Petitioner,

    v.

BRENDA TRITT,

    Respondent.

CIVIL ACTION NO. 3:15-CV-01324

(JUDGE CAPUTO)

(MAGISTRATE JUDGE SCHWAB)

## **MEMORANDUM**

Presently before this Court is Magistrate Judge Schwab's Report and Recommendation (R&R) (*Doc.* 32) regarding the Petition for a Writ of Habeas Corpus (*Doc.* 1) filed by Petitioner Angel Ayala Otero ("Petitioner"). Because Petitioner filed the instant petition after the statute of limitations expired, it will be denied as untimely. A certificate of appealability will not issue because reasonable jurists could not disagree about the timeliness of Petitioner's claim. Therefore, Magistrate Judge Schwab's R&R will be adopted in its entirety.

### **I. Background**

On November 30, 2004, Petitioner knowingly and intelligently pled guilty to three separate counts of robbery under three separate criminal docket numbers. (*Docs.* 21-3; 21-4; 21-5; 21-6.) Months later, on January 6, 2005, Petitioner was sentenced to an aggregate sentence of 26 to 52 years imprisonment. *Commonwealth v. Otero*, No. 2179 MDA 2013, 2014 WL 10826241, at *1 (Pa. Super. Ct. Sept. 24, 2014). Notably, Petitioner did not file a post-sentence motion or a direct appeal. *Id.*

Petitioner did eventually file a petition pursuant to the Post-Conviction Relief Act "challenging the legality of his guilty pleas and asserting trial counsel's ineffectiveness . . . ." *Commonwealth v. Ayala-Otera*, No. 2046 MDA 2005, *slip op.* at *2 (Pa. Super. Ct. June 14, 2006). This petition was filed on July 5, 2005 with the help of a Hispanic legal aide in

the prison law library.[1] (*Doc.* 38, at 9.) Ultimately, this petition was denied, and Petitioner was unsuccessful in his attempts to appeal the PCRA court's conclusion. On November 28, 2006, the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal, thus formally ending his first PCRA petition. (*Doc.* 21-9.)

On April 25, 2013, Petitioner filed a second PCRA petition. *See Otero*, 2014 WL 10826241 at *2. This petition was dismissed by the PCRA court as untimely, and the Superior Court affirmed this dismissal on September 24, 2014. *Id.*

After failing to obtain any relief through the PCRA process, Petitioner filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (*Doc.* 1.) The instant petition was filed on June 28, 2015[2] with the help of a Hispanic legal aide in the prison law library. (*Doc.* 38, at 9.) Magistrate Judge Schwab conducted an initial review of this petition and authored an R&R dated April 4, 2017, in which Magistrate Schwab recommends that I deny the petition as time-barred. Petitioner has filed objections in response to Magistrate Judge Schwab's R&R.

## II. Legal Standard

### A. Review of a Report and Recommendation

Where objections to a magistrate judge's R&R are filed, I must conduct a *de novo* review of the contested portions. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). This only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).

---

[1] Petitioner contends he does not speak or write fluently in English. Thus, the existence of a legal aide was critical to the filing of this petition.

[2] Even though the petition was not docketed until July 6, 2015, the petition was mailed on June 28, 2015. "The federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing." *Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011).

2

In conducting a *de novo* review, I may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits me to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). While uncontested portions of the report may be reviewed at a standard determined by the district court, a court should at least review the report for clear error or manifest injustice. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7; *Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

### III. Discussion

Petitioner contends that Magistrate Judge Schwab erred in finding that his petition was untimely. Specifically, Petitioner objects to Magistrate Judge Schwab's finding that the statute of limitations was not tolled under the equitable tolling doctrine. This is Petitioner's sole objection.[3]

**A.  Timeliness of the § 2254 Petition**

(1)  Law Relevant to the Timeliness of a § 2254 Petition:

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became effective on April 24, 1996. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). Under the AEDPA, federal habeas corpus petitions are subject to a one-year limitations period

---

[3]   Petitioner also appears to argue that the Supreme Court's decision in *Alleyne v. United States* should render his sentence unconstitutional. I will not address this argument, however, because the Third Circuit has repeatedly explained that "*Alleyne* cannot be applied retroactively to cases on collateral review." *See, e.g., United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014); *Massaro v. Warden Lewisburg USP*, 700 Fed. App'x. 91, 92 n.2 (3d Cir. 2017).

3

found in 28 U.S.C. § 2244(d), which provides:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review;
> >
> > (B) the date on which the impediment to filing an applications created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d); *see generally, Jones v. Morton*, 195 F.3d. 153, 157 (3d Cir. 1999).

Once the federal statute of limitations is triggered and begins to run, the limitations period can be tolled in two ways: statutory tolling and equitable tolling. *See* 28 U.S.C. § 2244(d) (enumerating statutory tolling provisions); *accord Holland v. Florida*, 560 U.S. 631 (2010) (holding AEDPA's time limit is subject to the doctrine of equitable tolling).

Statutory tolling occurs if, prior to the expiration of the AEDPA one-year, a state criminal defendant timely sought collateral review: "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2); *accord Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2009). A properly filed state petition "is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn*, 134 F.3d 146, 148

4

(3d Cir. 1998). Notably, when a state court rejects a petitioner's PCRA petition as untimely, "that is the end of the matter for purposes of § 2244(d)(2);" it cannot be reconsidered by a federal habeas court. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (internal quotation omitted); *Satterfield v. Johnson*, 434 F.3d 185, 192 (3d Cir. 2005) ("If a state court determines that a petition is untimely, that would be the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was entangled with the merits.").

Statutory tolling applies to those periods when an application for discretionary review is pending in an appellate court of the denial of post-conviction relief. *See Kindler v. Horn*, 542 F.3d 70, 77 n.5 (3d Cir. 2008) (noting that the petitioner's PCRA petition was pending at least through the date the Pennsylvania Supreme Court denied his petition for review), *rev'd on other grounds*, *Beard v. Kindler*, 558 U.S. 53 (2009). It also applies to the time period for seeking state-court appellate review even if such review is not sought. *Jenkins*, 705 F.3d at 85 n.4.

Equitable tolling may also prevent the expiration of the one-year statute of limitations provided in the AEDPA. *See Jenkins*, 705 F.3d at 88-89. For equitable tolling to apply, the petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649. The determination is made on a case-by-case basis. *See Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013). "In each case, there is a need for 'flexibility,' 'avoiding mechanical rules,' and 'awareness ... that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case.'" *Pabon*, 654 F.3d at 399 (quoting *Holland*, 560 U.S. at 650). Thus, there are "no bright lines in determining whether equitable tolling is warranted in a given case." *Id.*

It is clear that extraordinary circumstances are required to trigger equitable tolling.

Courts have found such circumstances exist when: (1) the state has actively misled the petitioner; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) the petitioner has timely asserted his rights but in the wrong forum. *See Urcinoli v. Cathel*, 546 F. 3d 269, 272 (3d Cir. 2008); *Jones*, 195 F.3d at 159. The Third Circuit has also emphasized that equitable tolling should be applied sparingly. *See LaCava*, 398 F. 3d at 275; *Schlueter v. Varner*, 384 F.3d 69, 75-76 (3d Cir. 2004). Nonetheless, even where extraordinary circumstances are found, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

    (2)    <u>Petitioner's Claim is Time-Barred</u>:

*i. Report and Recommendation of Magistrate Judge Schwab*

Magistrate Judge Schwab recommends that Petitioner's request for a writ of habeas corpus be denied because his petition was untimely. She explained that the statute of limitations started to run on February 7, 2005, the day Petitioner's conviction became final.[4] The statute ran from February 8th until Petitioner properly filed for post-conviction review on July 5, 2005.[5] *See* 28 U.S.C. § 2244(d)(2). Thus, 147 days ran prior to the filing of his PCRA

---

[4] Petitioner had thirty days to file an appeal to the Superior Court after he was sentence on January 6, 2005. *See* PA. R. CRIM P. 720(A)(3); PA. R. APP. P. 903(c)(3). But, he did not file such an appeal. Thirty days from, but not including January 6th is February 5th. Because February 5th fell on a Saturday, I will use February 7th as the date Petitioner's conviction became final.

[5] The date on which the statute of limitations is triggered–January 7, 2005–is excluded from the calculation. FED. R. CIV. P. 6(a)(1)(A). Thus, the first day applied against the statute of limitations is January 8th.

petition. As mandated by 28 U.S.C. § 2244(d)(2), the statute was tolled until November 28, 2006, the day the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal regarding the denial of his PCRA claim. In other words, the limitations period began to run again on November 29, 2006. The statute of limitations expired 218 days later on July 5, 2007. The instant petition was not filed until June 28, 2015, almost eight years after expiration. Therefore, Magistrate Judge Schwab recommends I deny the instant petition as untimely.

### *ii. Statutory Tolling*

It does not appear that Petitioner objects to Magistrate Judge Schwab's finding that statutory tolling fails to save his claim from being deemed untimely. Magistrate Judge Schwab explained that the statute was never tolled again after the resolution of Petitioner's first PCRA claim because he never properly filed a second PCRA claim.[6] I will adopt Magistrate Judge Schwab's conclusion that statutory tolling is inapplicable here because Petitioner does not appear to object to this portion of Magistrate Judge Schwab's analysis, and I am satisfied the analysis is absent clear error. *See Univac Dental*, 702 F. Supp. 2d at 469.

### *iii. Equitable Tolling*

Petitioner objects to Magistrate Judge Schwab's finding that equitable tolling is inapplicable here. He argues that Magistrate Judge Schwab incorrectly concluded that equitable tolling does not apply because he diligently pursued his rights and his limited English proficiency prevented him from timely filing. I agree with Magistrate Judge Schwab.

---

[6] Under § 2244(d)(2) a "properly filed" application for post conviction or collateral relief tolls the statute of limitations. As explained earlier, a federal habeas court must defer to a state court's determination that a PCRA petition was untimely. Here, Petitioner's second PCRA petition was dismissed as untimely. *Commonwealth v. Otero*, No. 2179 MDA 2013, 2014 WL 10826241, at *2 (Pa. Super. Ct. Sept. 24, 2014).

First, even if Petitioner had diligently pursued this action, he has not established that "extraordinary circumstances" prevented him from filing a timely petition. While a general "lack of knowledge or legal training does not alone justify equitable tolling," the "inability to read or understand English, *combined with* denial of access to translation or legal assistance, can constitute [an] extraordinary circumstance that trigger[s] equitable tolling." *Ross*, 712 F.3d at 800; *Pabon*, 654 F.3d at 400. Here, there is no question that Petitioner had a limited English proficiency. However, Petitioner explains that he had access to a legal aide who was bilingual. (*See, e.g.*, *Doc.* 38, at 9.) This aide was also available to help Petitioner conduct research and file documents. (*Id.*) In fact, Petitioner explicitly notes that this aide helped him file the instant petition as well as his earlier PCRA petitions. (*Id.*) Stated differently, Petitioner had access to a bilingual legal aid as early as July 5, 2005 when he filed his first PCRA claim. Because Petitioner had access to such an aide, no extraordinary circumstance prevented him from filing the instant petition. *See Pabon*, 654 F.3d at 400. For that reason, equitable tolling does not apply and the instant petition will be deemed untimely.

Second, Petitioner failed to show that he acted diligently in the pursuit of his rights. With access to a law library and a legal aide, it took Petitioner almost a decade to file the instant petition. It is well-established that a Petitioner must demonstrate "reasonable diligence, not maximum, extreme, or exceptional diligence." *Ross*, 712 F.3d at 799. The fact that Petitioner has not alleged that he took any steps[7] to seek assistance–inside or outside the prison–suggests to me that he did not pursue this action with reasonable diligence.

Because Petitioner has not satisfied either of the requirements to trigger equitable tolling, the doctrine will not save his petition from being deemed untimely.

---

[7] He offers nothing more than his requests to go to the library to support the notion that he did act diligently.

8

**B.     Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c)(1), "unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken" from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003).

Based on the above analysis, I will deny issuance of a certificate of appealability. Petitioner is advised that he has the right for thirty (30) days to appeal my Order denying his habeas petition. *See* 28 U.S.C. § 2253(a); FED. R. APP. P. 4(a)(1)(A).

## IV. Conclusion

For the above stated reasons, Magistrate Judge Schwab's Recommendation will be adopted. Accordingly, Petitioner Angel Ayala Otero's Petition for a Writ of Habeas Corpus will be denied as time-barred.

An appropriate order follows.

| | |
|---|---|
| March 13, 2018 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |